UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 18-2416 JJO

UNITED STATES OF AMERICA

vs.

YASMANY DUARTE GONZALEZ,

      Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

                              Respectfully submitted,

                              BENJAMIN G. GREENBERG
                              UNITED STATES ATTORNEY

BY: _____
      BRIAN J. SHACK
      ASSISTANT UNITED STATES ATTORNEY
      Florida Bar Number 107068
      99 N. E. 4th Street
      Miami, Florida 33132-2111
      TEL (305) 961-9403
      FAX (305) 530-7976

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| Yasmany Duarte Gonzalez, | ) Case No. 18-2416 JJO |
|  | ) |
|  | ) |
|  | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __1/11/2018 and 3/20/2018__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession of Cocaine with Intent to Distribute |
| 18 U.S.C. § 924(c) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime |

This criminal complaint is based on these facts:

**Please see attached affidavit.**

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Derek R. Maxey, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/21/18

_____
*Judge's signature*

City and state:  Miami, Florida    John J. O'Sullivan, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Derek R. Maxey, Special Agent with the Drug Enforcement Administration, having been duly sworn, state the following:

## INTRODUCTION AND AGENT BACKGROUND

1. This Affidavit is being submitted in support of a criminal complaint against Yasmany Duarte Gonzalez ("DUARTE").

2. I respectfully submit there is probable cause to believe that, on or about January 11, 2018, and March 20, 2018, DUARTE possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1). Further, I respectfully submit there is probable cause to believe that, on or about March 20, 2018, DUARTE possessed a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c).

3. I am currently employed as a Special Agent with the Department of Justice, Drug Enforcement Administration ("DEA"), Miami, Florida, and I have been so employed since February 2009. I am a Law Enforcement Officer within the meaning of Title 21, United States Code, Section 878. I am empowered by law to conduct investigations, execute and serve arrest and search warrants, and to make arrests for offenses enumerated in Title 21, United States Code, and for offenses against the United States. As a Special Agent, I have participated in investigations involving violations of the federal narcotics laws. I have also received training regarding the investigation of violations of federal narcotics laws. During my employment with the DEA, as well as during my previous four (4) years of law enforcement experience as a police officer with the Montgomery County, Maryland Police Department, I have participated in narcotics investigations, which included conducting witness and subject interviews, undercover

operations, surveillance operations, electronic intercepts, and affecting the arrest of numerous drug traffickers.

4. The information set forth in this Affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers. I have not included in this Affidavit each and every fact known to me about the matters set forth herein, but only those that I believe are sufficient to establish probable cause.

## PROBABLE CAUSE

5. In or around March 2017, a confidential source ("CS") informed law enforcement that an individual later identified as DUARTE distributed narcotics in Miami-Dade County.

6. On or about January 11, 2018, at the direction of law enforcement, the CS met with DUARTE in a parking lot in Miami-Dade County for the purpose of purchasing cocaine. Law enforcement monitored the meeting as it was occurring. During the meeting, which was audio recorded and video recorded, DUARTE provided the CS with approximately two ounces of a white powdery substance that field-tested positive for the presence of cocaine. In exchange, the CS provided DUARTE with approximately $2,200.

7. As part of the continuing investigation into DUARTE's drug trafficking activities, on or about March 20, 2018, law enforcement observed DUARTE driving a vehicle in a parking lot of the Miami Casino, located in Miami, Florida. Law enforcement observed DUARTE park his vehicle a few feet away from a white sedan that had recently arrived at the parking lot. Accompanying DUARTE in his vehicle was a female, who was seated in the front passenger seat of DUARTE's vehicle. Law enforcement observed DUARTE exit his vehicle carrying a gift bag and hastily enter the front passenger seat of the white sedan with the gift bag. Based on my training and experience, I know that this behavior is consistent with narcotics trafficking activity.

3

8. Law enforcement approached the white sedan and detained the two individuals inside the white sedan, including DUARTE. Inside the white sedan, law enforcement discovered the gift bag brought by DUARTE. The gift bag contained approximately ten ounces of a white powdery substance that field-tested positive for the presence of cocaine.

9. For officer safety, law enforcement removed the female seated in the front passenger seat of DUARTE's vehicle from the vehicle and detained her. Inside the glove compartment of DUARTE's vehicle, which was open when law enforcement approached, law enforcement observed in plain view a Glock handgun. The handgun was seized by law enforcement and was later determined to be loaded.

10. After waiving his *Miranda* rights in writing, DUARTE stated that he found the narcotics in a trashcan and that he brought the narcotics to the parking lot in an effort to sell the narcotics. DUARTE also took ownership of the handgun located in his glove compartment, stating that he carried the gun and that the gun was "legit."

## **CONCLUSION**

11. Based on the foregoing facts and circumstances, I respectfully submit there is probable cause to believe that, on or about January 11, 2018, and March 20, 2018, DUARTE possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1). Further, I respectfully submit there is probable cause to believe that, on or about March 20, 2018, DUARTE possessed a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c).

FURTHER YOU AFFIANT SAYETH NAUGHT

_____
DEREK R. MAXEY, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before me this ___21___ day of March, 2018.

_____
HONORABLE JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

4